UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANDYSON I. AJUKA, | : |
| Plaintiff, | : Civil Action No. 16-3131 (MAS) (TJB) |
| v. | : **MEMORANDUM ORDER ON** |
|  | : **APPLICATION TO PROCEED** |
| MICHAEL A. POLICASTRO, | : **WITHOUT PREPAYMENT OF FEES** |
| Defendant. | : |

This matter comes before the Court on the application of Plaintiff Dandyson I. Ajuka ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (Application, ECF No. 1-1.) The Court will grant the application on the strength of Plaintiff's allegation of indigence but dismiss the Complaint (ECF No. 1) for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff asserts a breach of contract claim against his former attorney Defendant Michael A. Policastro ("Defendant" or "Mr. Policastro"). (*See generally* Compl., ECF No. 1.) In his Complaint, Plaintiff alleges that he hired Mr. Policastro to defend his brother in a criminal matter; that he and Mr. Policastro agreed that "if [Mr. Policastro] was not able to resolve the matter as he said he could, [Plaintiff] would be fully reimbursed"; "Mr. Policastro was not able to do what he said he could"; and his attempt to obtain reimbursement pursuant to his agreement was "not successful." (*Id.* at 3.) Accordingly, Plaintiff seeks "the full amount of $1,500.00" from Mr. Policastro. (*Id.* at 4.)

Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of federal subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,*

456 U.S. 694, 702 (1982). "Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *TM Marketing, Inc. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992). "A plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . must dismiss the case . . . ." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). Here, Plaintiff's Complaint does not provide a basis for finding federal subject matter jurisdiction. Accordingly,

IT IS, on this 14th day of June 2016, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2. The Clerk of the Court shall file the Complaint without prepayment of fees or security;

3. The Complaint is dismissed for lack of subject matter jurisdiction; and

4. The Clerk of the Court shall mark this matter CLOSED.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**